

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Bruce I. Parker
County Attorney
Gray County
Pampa, Texas

Dear Mr. Parker:  Opinion No. 0-7290

Re: Who pays jury fee in Justice
Court where plaintiff files
a pauper's oath?

Your letter states that a civil suit was filed in the Justice Court, and that the plaintiff filed an affidavit of inability to pay costs, and called for a jury, and that the trial resulted in a judgment for the plaintiff, and that the defendant then appealed to the County Court.

Under the above facts, you ask how the jurors are to be paid, and out of what fund.

Article 2411, which is now Rule 544 of Civil Procedure, provides that either party in the Justice Court shall be entitled to a trial by jury, if the party desiring a jury (before the case is called) deposits a jury fee of $3.00.

Article 2428 of the Revised Statutes reads:

"Before the verdict is rendered (in the Justice Court) the Justice shall pay to each juror 50¢ out of the jury fee deposited in the case."

These are the only two statutes or rules which have been called to our attention that in any way affect the amount to be paid a juror in the Justice Court, or the source from which the jury fee may be obtained.

Article 2432 of the Revised Statutes, which is now Rule 559 of Civil Procedure, provides that the successful party in the Justice Court shall recover his costs against the loser except when otherwise provided by law.

Rule 131 of the Civil Procedure, which was Article 2056, provides that in the County and District Court the successful party

Honorable Bruce L. Parker - page 2

to a suit shall recover his costs, except where otherwise provided
by law.

It is our opinion that under the facts stated by you,
there is no way for the jury to be paid for their services in the
Justice Court until and/or unless the case is finally disposed of
in the County Court, and judgment there rendered for the plaintiff
against the defendant. If, in the County Court, the plaintiff
should again prevail, then the costs of the Justice Court, as well
as the costs of the County Court, would be taxed against the defend-
ant. A portion of these costs would be the $2.00 jury fee that the
plaintiff, under the law, was required to deposit before the case
was tried.

APPROVED JUL 22, 1946

FIRST ASSISTANT
ATTORNEY GENERAL

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Geo. V. Barcus
ASSISTANT

GVB-MR


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN